| | | |
|---|---|---|
| KIM ROBINSON,<br>39 CEDARWOOD COURT<br>PIKESVILLE, MD 21208 | * | IN THE |
| | * | CIRCUIT COURT |
| PLAINTIFF | * | |
| | * | FOR |
| Vs. | * | BALTIMORE COUNTY, MARYLAND |
| BALTIMORE COUNTY OFFICE<br>OF HOUISNG<br>6401 YORK ROAD, FIRST FLOOR<br>BALTIMORE, MARYLAND 21212 | * | |
| | * | C-03-CV-19-002550 |
| And | * | CASE NO: _____ |
| GREGORY Wm. BRANCH, M.D. in<br>his official capacity as the Director of<br>Baltimore County Health and Human<br>Services<br>6401 YORK ROAD, FIRST FLOOR<br>BALTIMORE, MARYLAND 21212 | * * * * | |
| And | * | |
| MARSHA J. PARHAM-GREEN,<br>M.A., in her official capacity as<br>Executive Director of the Baltimore<br>County Office of Housing<br>6401 YORK ROAD, FIRST FLOOR<br>BALTIMORE, MARYLAND 21212 | * * * | |
| DEFENDANTS | * | |

\* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

TO THE HONORABLE, THE JUDGE OF SAID COURT:

**KIM ROBINSON, Plaintiff,** by and through her attorneys, the Legal Aid Bureau, Inc., and Gabriel M. Garcia, respectfully represents to this Honorable Court:

Complaint for Injunctive Relief and
Declaratory Judgment
Page 1 of 20

*Kim Robinson vs. Baltimore County Office of Housing, et al.*

## **PRELIMINARY STATEMENT**

1. Kim Robinson is a disabled indigent resident of Baltimore County. She resides with her 15-year-old special needs son.

2. Ms. Robinson has participated in the § 8 Housing Choice Voucher Program for approximately sixteen years through which her rent has been subsidized. The defendants administer the § 8 Housing Choice Voucher program.

3. Under the § 8 Housing Choice Voucher program, if the Defendants wish to terminate the rental assistance of a Voucher recipient for violation of the program rules, they must issue the voucher recipient a notice which: (1) adequately cites the rules violated, and (2) describes the specific acts which form the basis for asserting the rules have been violated and that the voucher should be terminated. The Defendants are further required to provide the voucher recipient with an informal hearing that affords meaningful due process. Lastly, the Housing Authority is obligated to terminate assistance only in circumstances allowed by the applicable Federal and State laws and regulations.

4. Defendants terminated Mrs. Robinson's assistance without providing adequate notice.

5. Defendants also failed to present legally sufficient evidence to show by a preponderance of the evidence that an unauthorized resident actually resided at the assisted unit.

6. The hearing officer abused his discretion by failing to consider adequate alternative measures or not considering mitigating factors.

7. The hearing officer also based his decision, in part, on alleged violations not specifically enumerated in the notice Defendants provided to Ms. Robinson in violation of Federal and State law and regulations.

8. The hearing officer issued a written decision that does not conform to Maryland law.

**Complaint for Injunctive Relief and Declaratory Judgment**
Page 2 of 20

*Kim Robinson vs. Baltimore County Office of Housing, et al.*

9. Due to the low income of Ms. Robinson and her family, the termination of the § 8 Housing Choice Voucher assistance payment places Ms. Robinson and her minor son at an extremely high risk of homelessness and a dire financial situation.

10. Mrs. Robinson seeks a Declaration that the defendants violated her rights under State and Federal law and regulations, and seeks a temporary restraining order, and permanent injunction relief requiring defendants to reinstate her § 8 Voucher and comply with all applicable laws and regulations.

## JURISDICTION

11. This action for declaratory and injunctive relief arises under the United States Housing Act of 1937, 42 U.S.C. §§ 1437 *et seq.* (hereinafter the "Housing Act"), the Fourteenth Amendment to the Constitution of the United States, and the Maryland Declaration of Rights, Article 24. Enforcement of rights conferred by Federal law is sought under 42 U.S.C. § 1983.

12. The Plaintiff, Kim Robinson, is a fifty-three-year-old mother and a resident of Baltimore County. Mrs. Robinson resides with her son, 15-year-old Kamani Ferguson. Both Ms. Robinson receives $832 a month from SSDI payments, and Kamini receives $155 a month in SSI payments. Mrs. Robinson also works part time at the Center for Social Change, a nonprofit. The household's monthly income is below the 2019 Federal Poverty Guidelines and is well within the limits of financial eligibility for § 8 housing, as well as to qualify for representation from Maryland Legal Aid. Mrs. Robinson is disabled and her son is a special needs child enrolled in tailored program at his school and accompanied by an aide while in classes.

Complaint for Injunctive Relief and
Declaratory Judgment
Page 3 of 20

*Kim Robinson vs. Baltimore County Office of Housing, et al.*

13. The Defendant Baltimore County Office of Housing (BCOH) is a public body, corporate, politic, exercising public and essential government functions, organized and created pursuant to the Maryland Housing Authorities Law, MD. ANN. CODE art. 44A, §§ 1-101, *et seq.* (now codified in MD. CODE ANN., HOUSING & COMM. DEV. §§ 12-101, *et seq.*). The BCOH is a Public Housing Authority ("PHA") authorized to operate and administer a federally subsidized low-income housing program within the meaning of 42 U.S.C. § 1437, *et seq*. The BCOH is located in Baltimore County, Maryland, and provides low-income housing and housing services to eligible, qualifying, low-income families residing in Baltimore County. The BCOH operates and manages the § 8 Housing Choice Voucher program in Baltimore County. The BCOH is a legal entity and as such is capable of being sued.

14. Defendant Dr. Gregory W. Branch is the Director of Baltimore County Health and Human Services. He is sued in his official capacity.

15. Defendant Marsha Parham-Green is the Executive Director of the BCOH. She is sued in her official capacity.

16. The acts and omissions described in this Complaint were committed by the Defendants or through their agents, employees, and subordinates acting pursuant to the policies, practices, and/or instructions of the Defendants. All such acts were performed under color of law.

## THE § 8 HOUSING CHOICE VOUCHER PROGRAM

17. The United States Housing Act of 1937, 42 U.S.C. § 1437, *et seq.*, established the federally-subsidized housing program, of which the § 8 Housing Choice Voucher ("HCV") program is one component, "...*to remedy the unsafe and unsanitary housing*

Complaint for Injunctive Relief and Declaratory Judgment
Page 4 of 20

*Kim Robinson vs. Baltimore County Office of Housing, et al.*

*conditions and the acute shortage of decent, safe and sanitary dwellings for families of lower income...*" 42 U.S.C. § 1437(a)(1)(A).

18. The § 8 HCV programs are administered by local public housing authorities; in the Plaintiff's case, the Defendant BCOH administers the program locally.

19. The BCOH issues vouchers to eligible applicants and enters into contracts with landlords. 42 U.S.C. § 1437f(o)(2)-(4).

20. The § 8 HCV program requires a participant who has been awarded a voucher to find a private landlord willing to accept the participant as a tenant. 42 U.S.C. § 1437f(o)(6). Under the program, the participant's rent is subsidized such that the participant pays 30% of his income as rent, and the difference between the participant's payment and the market rent is covered by the federal subsidy. 42 U.S.C. 1437f(o)(2).

21. As a condition of receiving benefits, § 8 HVC program participants agree to abide by a list of "family obligations"; 24 C.F.R. § 982-551.

22. When a public housing authority ("PHA") determines that a participant has violated a family obligation it may seek to terminate the participant's § 8 HCV. 24 C.F.R. § 982.552(c)(1)(i); 24 C.F.R. Failing to request a PHA's approval before adding an additional occupant is a violation of a family obligation. 24 CFR 982.551 (h)(2). A participant is also obligated to provide "true and complete" information to the PHA regarding family composition and income.

23. When a PHA seeks to terminate a voucher recipient's participation in § 8 HCV for unauthorized occupancy, the PHA bears the burden of proof that the unauthorized occupant actually resided in the property, and the PHA may not equate a mailing address or voter registration address with residence in the unit. *Stanley v. Baltimore County*, 2007

Complaint for Injunctive Relief and Declaratory Judgment
Page 5 of 20

*Kim Robinson vs. Baltimore County Office of Housing, et al.*

WL 7689215 (D. Md. Feb 9, 2007); *Matthews v. Hous. Auth. of Baltimore*, 88 A. 3d 852 (Md. Ct. Spec. App. 2014); *Rosario v. Mun. Hous. Auth. of Yonkers*, 35 N.Y.S.3d 454 (2016); *Litsey v. Hous. Auth. of Bardstown*, 1999 WL 34571978 (W.D. Ky. Apr. 1, 1999).

24. A participant obligated to provide "true and complete" information to the PHA regarding family composition and income. However, an inadvertent failure to report does not warrant termination from the § 8 HCV program. HUD, HOUSING CHOICE VOUCHER GUIDEBOOK 7420.10G, §15.4 (Apr. 2001) (authorizing termination if "the PHA paid too much subsidy on the family's behalf because of discrepancies in information furnished by the family *and if the PHA has sufficient evidence that the family intentionally misrepresented its circumstances*.") (emphasis in original); *see also Harris v. Hous. Auth. of Raleigh*, 2004 WL 5229754 (N.C. Super. Ct. June 3, 2004) (stating that failure to report income alone is not a permitted ground for termination under HUD regulations).

25. 24 CFR § 982.555 mandates the procedures a PHA must follow in order to terminate assistance to a § 8 HCV recipient.

26. The notice a PHA must give in order to terminate a Voucher must "contain a brief statement as to the reasons for the decision." 24 CFR § 982.555(c)(2). The notice also must be in keeping with the due process requirements articulated in *Goldberg v. Kelly*, 397 U.S. 254(1970) (principles of due process require timely and adequate notice detailing the reasons for termination of benefits). Section 8 Certificate Program, Moderate Rehabilitation and Housing Voucher Program, 55 Fed. Reg. 28538, 28541 (July 11, 1990) ("PHAs must adopt written informal pretermination housing procedures

Complaint for Injunctive Relief and Declaratory Judgment
Page 6 of 20

*Kim Robinson vs. Baltimore County Office of Housing, et al.*

for participants, which fully meet the requirements of *Goldberg v. Kelly*.") The voucher termination notice must be sufficiently specific as to inform the recipient of the allegations in enough detail as to enable the recipient to "prepare rebuttal evidence" to be introduced at the voucher termination hearing. *Edgecomb v. Housing Authority of Town of Vernon*, 824 F. Supp. 312 (D.Conn.1993). citing *Billington v. Underwood*, 613 F2d 91, 94 (5th Cir. 1980). 24 C.F.R. § 982.555(e)(2) mandates that "[t]he family must be given the opportunity to examine before the PHA hearing any PHA documents that are directly relevant to the hearing." Lastly, the family must have the right to be represented by a lawyer at the informal hearing. 24 CFR § 982.555(e)(3).

27. Further, the PHA may only terminate on grounds specified in the notice. *Perkins-Bey v. Hous Auth. of St. Louis County*, 2011 WL 939292, FN 6 (E.D. Mo. Mar. 14, 2011) (refusing to uphold termination for failing to provide accurate information on application when this basis was not stated on notice of termination); *Anderson v. Lowell Hous. Auth.* 2012 WL 3965112 (D. Mass. Aug. 24, 2012) (summary judgment granted if favor of recipient when hearing decision based on factual determinations not stated in notice of termination).

28. 24 C.F.R. § 982.555(c)(1) and (2) require that, when a PHA seeks to terminate assistance to a § 8 HCV recipient, the recipient must be afforded the opportunity for a fair hearing (the informal hearing) before an impartial hearing officer.

29. 24 C.F.R. § 982.555 outlines the mandatory procedures by which PHAs must conduct informal hearings. 24 C.F.R. § 982.555(e)(4)(i) requires that "[t]he hearing may be conducted by any person or persons designated by the PHA, other than a person who made or approved the decision under review or a subordinate of this person." 24 C.F.R. §

Complaint for Injunctive Relief and
Declaratory Judgment
Page 7 of 20

*Kim Robinson vs. Baltimore County Office of Housing, et al.*

982.555(e)(4)(ii) states that "[t]he person who conducts the hearing may regulate the conduct of the hearing in accordance with the PHA hearing procedures."

30. Federal regulations permit hearing officers to deviate from the formal rules of evidence in termination proceedings. 24 C.F.R. § 982.555(e)(5) "Evidence. The PHA and the family must be given the opportunity to present evidence, and may question any witnesses. Evidence may be considered without regard to admissibility under the rules of evidence applicable to judicial proceedings."

31. The PHA must prove the basis for termination by a preponderance of the evidence. Evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Maryland Shipbuilding & Drydock Co. v. Maryland Comm.n on Human Relations*, 70 Md. App. 538, cert. denied, 310 Md. 130 (1987).

32. 24 C.F.R. § 982.555(e)(6) mandates that, "The person who conducts the hearing must issue a written decision, stating briefly the reasons for the decision. Factual determinations relating to the individual circumstances of the family shall be based on a preponderance of the evidence presented at the hearing. A copy of the hearing decision shall be furnished promptly to the family." The Maryland Administrative Procedure Act requires that a final order in a contested case contain separate statements of (i) findings of fact; (ii) conclusions of law; and (iii) the order. MARYLAND STATE GOVERNMENT CODE ANN. §10-221 (2019). A narration of the evidence followed by a statement that sufficient evidence was presented to meet a burden does not resolve conflicts of underlying fact or questions of law. *See United Steelworkers of America v. Bethlehem Steel Corp.*, 298 Md. 655, 679 (1984). A voucher termination hearing meets the contested case requirement of the APA. *Walker v. Dep't of Hous. & Cmty. Dev.*, 422 Md. 80 (2011).

Complaint for Injunctive Relief and
Declaratory Judgment
Page 8 of 20

*Kim Robinson vs. Baltimore County Office of Housing, et al.*

## FACTS

33. Mrs. Robinson had a § 8 Housing Choice Voucher for approximately sixteen years, ending in July of 2019. She and her son currently reside in an assisted unit located at 39 Cedarwood Circle, Baltimore MD 21208. Mrs. Robinson formerly resided at an assisted unit with her son and daughter at 4117 Turf Run Circle Randallstown, MD 21233. Mrs. Robinson reported to BCOH that her daughter had left the home and was no longer part of the assisted household.

34. Mrs. Robinson's household consists of her son and herself.

35. Mrs. Robinson and Clifton Robinson were married in November or 2016, but have lived separate and apart since that time.

### The Termination Letter, May 31, 2019

36. Mrs. Robinson received a notice dated May 31, 2019 stating that her participation in the Housing Choice Voucher program would be terminated effective June 30, 2019, and informed her of her right to request an informal hearing. The Notice, attached hereto as COMPLAINT EXHIBIT 1, stated the reasons for termination as a violation of "family obligations in accordance with 24 CFR 982.551(b)(4) that states "Any information supplied by the family must be true and complete" and 24 CFR 982.551(h)(2) that states, "The composition of the assisted family residing in the unit must be approved by the PHA. The family must request OHA approval to add any other family member as an occupant of the unit. No other person (i.e., nobody but members of the assisted family) may reside in the unit..." COMPLAINT EXHIBIT 1

Complaint for Injunctive Relief and Declaratory Judgment
Page 9 of 20

*Kim Robinson vs. Baltimore County Office of Housing, et al.*

37. The Termination Letter informed Mrs. Robinson of her right to "...request an informal hearing..." and that the request must be received by the BCOH by within ten days of the date of the letter.

38. Ms. Robinson requested an informal hearing within the time allotted by the notice.

### The informal hearing, July 3, 2019

39. The informal hearing was held on July 3, 2019. Present at the informal hearing were Mrs. Robinson, Gabriel Garcia of Maryland Legal Aid as Ms. Robinson's Counsel Ms. Karen DiMattei, the Senior Program Integrity Specialist for the BCOH, a BCOH employee as observer, and J. Moses ("Mr. Moses") as the hearing officer.

40. The hearing officer is a person chosen by the Housing Authority to conduct informal hearings in § 8 HVC termination cases. 24 C.F.R. § 982.555(e)(4)(i)-(ii). In order to afford the voucher recipient his constitutional, statutory, and regulatory right to due process, the hearing officer is obligated to act impartially, to make findings of fact, and to correctly apply the facts to the governing law and regulations.

41. The informal hearing was recorded.

    Ms. DiMattei's Case

    a. Ms. DiMattei presented the following documents to Mr. Moses to show that Mr. Robinson resided at the assisted unit:

        i. The Voucher and Family Obligations form (OMB No. 2577-0169) dated June 21, 2016;

        ii. State of Maryland Marriage Certificate showing Mr. Clifton Robinson and Ms. Kim Clark were married on November 28, 2016;

Complaint for Injunctive Relief and Declaratory Judgment
Page 10 of 20

*Kim Robinson vs. Baltimore County Office of Housing, et al.*

iii. Family Personal Declaration Form 5/7/14 dated April 14, 2017 wherein Mrs. Kim Robinson, as Kim Clark, declares her marital status as single. The form also contains a check mark box on page nine of ten wherein the check box "no" is checked in response to the question "Does anyone residing outside your household receive mail at your residence or claim it as their legal residence....;"

iv. Maryland Motor Vehicle Administration (MVA) records reflecting a name change from Kim Clark to Kim Robinson on August 31, 2017;

v. MVA records documenting a self-reported address change of Mr. Clifton Robinson to 4117 Turf Run Road 21133 on November 21, 2016;

vi. Social Security "MD State Exchange Data Screen 1" record reflecting a recorded address for Clifton Robinson as 4117 Turf Run Road;

vii. Maryland Judiciary Case Search documenting civil case No. 08-04-0033571-2017 wherein Mr. Clifton Robinson and Ms. Kim Robinson are co-plaintiffs with an address listed for each plaintiff as 4117 Turf Run Circle;

viii. Maryland Judiciary Case Search documenting criminal case No. 0B02367827 wherein the listed address for Mr. Clifton Robinson is 4117 Turf Run Circle;

ix. Maryland Judiciary Case Search documenting criminal case No. 0C00469434 wherein the listed address for Mr. Clifton Robinson is 39 Cedarwood Circle;

Complaint for Injunctive Relief and
Declaratory Judgment
Page 11 of 20

*Kim Robinson vs. Baltimore County Office of Housing, et al.*

    x.   Baltimore County Police Department Incident Report Form listing Mr. Clifton Robinson's self-reported address as 39 Cedarwood Circle;

    xi.   State of Maryland Dept. of Human Resc. Redetermination Form dated March 18, 2017 listing Mr. Clifton Robinson's self-reported address as 4117 Turf Run Circle;

    xii.   State of Maryland Dept. of Human Resc. Redetermination Form dated September 12, 2017 listing Mr. Clifton Robinson's self-reported address as 4117 Turf Run Circle;

    xiii.   A Department of Human Resources inquiry of Clifton Robinson listing Kim Clark as an authorized representative for Clifton Robinson;

    xiv.   MVA records reflecting a vehicle owned by Clifton Robinson and Kim Robinson with a registered address of 4117 Turf Run Circle;

    xv.   Baltimore County Police Arrest Record listing Mr. Clifton Robinson's self-reported address as 39 Cedarwood Circle;

    xvi.   Notation to file by K. DiMattei dated May 14, 2019 reflecting a conversation with Parole & Probation stating Mr. Robinson self-reported his residence as 39 Cedarwood Circle to Probation & Parole; and

    xvii.   Facebook photos of professional photographs Kim Robinson and Clifton Robinson published November 30, 2016 in wedding attire.

Ms. Robinson's Case

b.   When it was Mrs. Robinson's turn to present her case she testified that:

Complaint for Injunctive Relief and Declaratory Judgment
Page 12 of 20

*Kim Robinson vs. Baltimore County Office of Housing, et al.*

i. That she had been filling out the same paperwork for sixteen years or so, and did not intentionally misstate her marital status or that another person was using her mailing address;

ii. She testified that she does allow Mr. Robinson to visit occasionally, but did not let him stay long (over three days). Mrs. Robinson testified that her other children (including her 15-year-old son) and Mr. Robinson did not have a comfortable relationship;

iii. Mrs. Robinson testified that she has known Clifton Robinson since her childhood and that she wished to help him after his release from incarceration. She stated that she had assisted him by helping him get acclimated to the new in the Baltimore area since his incarceration, but did not allow him to reside with her.

iv. Mrs. Robins testified that she removed her daughter from her voucher, because it was "what you're supposed to do" when asked why she removed her daughter from the household roster with BCOH.

v. Mrs. Robinson testified that she has never given Mr. Robinson's address as her own to any party for any purpose.

vi. Mrs. Robinson testified that she owns the vehicle, and allows Mr. Robinson to use it from time to time, and she titled it in both of their names.

vii. Mrs. Robinson testified that civil court case No. 08-04-0033571-2017 was a car wreck case where she and Clifton Robinson used the same lawyer.

Complaint for Injunctive Relief and Declaratory Judgment
Page 13 of 20

*Kim Robinson vs. Baltimore County Office of Housing, et al.*

     She also testified that Clifton Robinson failed to appear at court and his case was dismissed.

 viii. Mrs. Robinson, through counsel, submitted the following evidence:

  1. Sworn statement of Clifton Robinson stating he has never resided with Mrs. Robinson nor provides her any money, but that he uses her address for contact with law enforcement and official business and giving his true address as Payson Road in Baltimore City.

  2. Sworn statement of Marcellette Ladson stating she has never seen Clifton Robinson at Mrs. Robinson's address and that she believes that only Mrs. Robinson and her son reside at the unit.

  3. M&T Bank statement, Mrs. Robinson testified that the deposits are from Social Security and her job, and that she received no money from Clifton Robinson.

  4. Social Security award letters reflecting payments to Kim Robinson and Kamini Ferguson.

### The hearing officer's Decision, July 8. 2019

42. On July 8, 2019, five days after the informal hearing, hearing officer Moses issued his decision. (The Decision is attached hereto as COMPLAINT EXHIBIT 2.)

 c. The decision stated:

> **Background:** The Office of Housing is prepared to terminate program participation because Kim Robinson failed to meet family obligations *to report a change in marital status* and request approval prior to adding her spouse to the assisted household." EXHIBIT 2 (emphasis added).

 d. The Decision as a whole is a bare recitation of the evidence supplied by either party followed by a conclusory statement that Housing met its burden.

Complaint for Injunctive Relief and Declaratory Judgment  
Page 14 of 20

*Kim Robinson vs. Baltimore County Office of Housing, et al.*

    e. The hearing officer based his determination that Mrs. Robinson should be terminated, in part, on reaching a factual deamination not alleged and supported by factual allegations in the notice to terminate issued May 31, 2019, contrary to applicable State and Federal regulations and laws. The notice specially alleges received income not reported, and that Mr. Robinson resided at the assisted unit, and no other factual basis.

    f. The Decision does not delineate what evidence caused the hearing officer to be persuaded that Clifton Robinson resides at Mrs. Robinson's address, nor does it contain any analysis of any relevant law, regulation, or statute. The decision does not contain a single mention of the CFR or any other applicable laws or regulations.

## COUNT I:

## VIOLATIONS OF THE UNITED STATES HOUSING ACT, HUD REGULATIONS, AND PRINCIPLES OF DUE PROCESS GUARANTEED BY THE 14TH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AND THE MARYLAND DECLARATION OF RIGHTS – FAILURE TO PROVIDE PROPER NOTICE OF ALLEGED VIOLATIONS

43. The Plaintiff realleges each and every allegation in paragraphs 1 through 42 of this Complaint and incorporates them by reference herein.

44. The conduct, practices, and procedures of the Defendants constitute improper and illegal violations of the Housing Act and the mandatory regulations promulgated thereto, as well as due process requirements of the 14th Amendment to the United States Constitution and the Maryland Declaration of Rights, in that the Termination Letter failed to provide an adequate notice detailing the reasons for the termination. The Defendants consequently lacked any legal right or authority to terminate Mrs. Robinson's participation in the § 8

Complaint for Injunctive Relief and Declaratory Judgment
Page 15 of 20

*Kim Robinson vs. Baltimore County Office of Housing, et al.*

HCV program. The Defendants' improper notice have resulted in the impending loss of Mrs. Robinson's home, the threat of homelessness, and the precarious financial circumstances and the accompanying fear and anxiety associated with those circumstances for Mrs. Robinson and her minor son.

## COUNT II:

### VIOLATIONS OF THE UNITED STATES HOUSING ACT, HUD REGULATIONS, AND PRINCIPLES OF DUE PROCESS GUARANTEED BY THE 14TH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AND THE MARYLAND DECLARATION OF RIGHTS – FAILURE TO PROVIDE TO PROVIDE A FAIR HEARING, A COMPETENT AND IMPARTIAL HEARING OFFICER, AND A DECISION THAT ADEQUATELY SETS OUT THE REASONS FOR THE DECISION.

45. The Plaintiff realleges each and every allegation in paragraphs 1 through 44 of this Complaint and incorporates them by reference herein.

46. The conduct, practices, and procedures of the Defendants constitute improper and illegal violations of the Housing Act and the mandatory regulations promulgated thereto, as well as due process requirements of the 14th Amendment to the United States Constitution and the Maryland Declaration of Rights, in that the informal hearing was conducted by a hearing officer who did not understand the substantive law and regulations including any understanding of what is meant by "preponderance of the evidence," the BCOH's burden of proof, the definitions found in the regulations, how to appropriately set out the facts, law, and regulations in his Decision.

47. The Defendants consequently lacked any legal right or authority to terminate Mrs. Robinson's participation in the § 8 HCV program. The Defendants' illegal and unauthorized actions have resulted in impending the loss of their home, the threat of

Complaint for Injunctive Relief and
Declaratory Judgment
Page 16 of 20

*Kim Robinson vs. Baltimore County Office of Housing, et al.*

homelessness, and the precarious financial circumstances and the accompanying fear and anxiety associated with those circumstances for Ms. Robinson and her minor son.

## COUNT III:

### VIOLATIONS OF THE MARYLAND ADMINISTRATIVE PROCEDURE ACT – DECISION FAILS TO COMPLY WITH MARYLAND STATE GOVERNMENT CODE ANN. §10-221 REQUIREMENTS FOR CONTESTED CASES

48. The Plaintiff realleges each and every allegation in paragraphs 1 through 47 of this Complaint and incorporates them by reference herein.

49. The hearing officer's decision in Mrs. Robinson's is a bare recitation of the evidence supplied by Baltimore County Housing followed by a conclusory statement that Housing met its burden.

50. The Maryland Administrative Procedure Act requires that a final order in a contested case contain separate statements of (i) findings of fact; (ii) conclusions of law; and (iii) the order.

51. The decision fails to account for any conflicts of evidence and gives no legal analysis whatsoever. This is fails to comply with the APA.

52. The Defendants consequently lacked any legal right or authority to terminate Mrs. Robinson's participation in the § 8 HCV program. The Defendants' illegal and unauthorized actions have resulted in impending the loss of their home, the threat of homelessness, and the precarious financial circumstances and the accompanying fear and anxiety associated with those circumstances for Ms. Robinson and her minor son

## COUNT IV:

### VIOLATIONS OF THE UNITED STATES HOUSING ACT, HUD REGULATIONS, AND PRINCIPLES OF DUE PROCESS GUARANTEED BY THE 14TH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES

Complaint for Injunctive Relief and
Declaratory Judgment
Page 17 of 20

*Kim Robinson vs. Baltimore County Office of Housing, et al.*

**AND THE MARYLAND DECLARATION OF RIGHTS-HEARING OFFICER EXCEEDED HIS STATUTORY AUTHORITY OR JURISDICTION BY BASING HIS DECISION IN PART ON VIOLATIONS NOT SPECIFICALLY ALLEGED IN THE NOTICE TO TERMINATE PARTICIPATION AND IS ARBITRARY AND CAPRICIOUS**

53. The Plaintiff realleges each and every allegation in paragraphs 1 through 52 of this Complaint and incorporates them by reference herein.

54. The hearing officer based his decision to terminate, in part, on Mrs. Robinson's alleged failure to "report a change in marital status." Complaint Exhibit 2

55. The notice to terminate participation contains as grounds for termination allegations that Clifton Robinson residing in the assisted unit and Clifton Robinson has received income that has not been reported as household income.

56. The hearing officer consequently lacked any legal authority to terminate Mrs. Robinson's participation in the § 8 HCV program. The hearing officer's abuse of discretion and arbitrary and capricious actions have resulted in the impending loss of their home, the threat of homelessness, and the precarious financial circumstances and the accompanying fear and anxiety associated with those circumstances for Ms. Robinson and her minor son

## COUNT IV:

**VIOLATIONS OF THE UNITED STATES HOUSING ACT, HUD REGULATIONS, AND PRINCIPLES OF DUE PROCESS GUARANTEED BY THE 14TH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AND THE MARYLAND DECLARATION OF RIGHTS-HEARING OFFICER ABUSED HIS DISCRETION BY FAILING TO CONSIDER MITIGATING FACTORS AND ALTERNATIVE MEASURES**

57. The Plaintiff realleges each and every allegation in paragraphs 1 through 56 of this Complaint and incorporates them by reference herein.

Complaint for Injunctive Relief and Declaratory Judgment
Page 18 of 20

*Kim Robinson vs. Baltimore County Office of Housing, et al.*

58. The Decision made no mention of the length of time Mrs. Robinson had been a participant in the §8 HCV program.

59. The Decision made no mention of the impact of termination to Mrs. Robinson's minor son.

60. The Decision and record make no mention of any alternative measures or counseling attempts made by BCOH.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff requests this Court:

A. Enter a temporary restraining order directing the Defendants to cease from terminating payments to Mrs. Robinson's landlord until such time as a hearing on an injunction can be heard.

B. Enter a permanent injunction directing the Defendants to readmit the Plaintiff to participation in the § 8 Housing Choice Voucher program and not to seek, in the future, to terminate his § 8 HCV for the two incidents on which they based this termination.

C. Enter a declaratory judgment against the Defendants stating that:

   a. The Defendants' conduct, practices, and procedures have violated the legal rights afforded the Plaintiff pursuant to the United States Housing Act and the regulations promulgated thereto;

   b. The Defendants' conduct, practices, and procedures have violated the Plaintiff's constitutional rights to due process, both Federal and State;

D. Impose costs upon the Defendants, including court costs, litigation costs, and reasonable attorneys' fees; and

E. Grant such other and further relief as the nature of his cause may require.

Respectfully submitted,

_/s/ Gabriel M. Garcia_

Gabriel M. Garcia
Maryland Legal Aid
29 W. Susquehanna Ste. 305
Towson, MD 21204
(410) 427-1800
(410) 296-4837 (fax)
ggarcia@mdlab.org
CPF No. 1807250002

Attorneys for the Plaintiff

Complaint for Injunctive Relief and
Declaratory Judgment
Page 20 of 20

*Kim Robinson vs. Baltimore County Office of Housing, et al.*